WEAVER, ADMX., *v.* CITY OF MT. VERNON.

(Decided April 23, 1930.)

*Messrs. Huggins & Liggett* and *Mr. Wm. L. Robinson,* for plaintiff in error.

*Mr. Robert J. Grossman,* city solicitor, and *Mr. Harry W. Koons,* for defendant in error.

FUNK, J.  The parties in this court hold the same relative positions held in the trial court.  Plaintiff in error, Margaret Walker Weaver, will be referred to as the administratrix; her decedent will be referred to as plaintiff or decedent; and defendant in error will be referred to as defendant or the city.

Plaintiff commenced his action for damages against the city of Mt. Vernon for injuries resulting from his falling upon a sidewalk in said city, which fall he alleged was caused by certain alleged defects in the sidewalk, of which the city had due notice. Plaintiff in his petition set up as a part of his dam-

ages certain expenses, such as those for hospital, physician, nurses, and so forth.

The answer, after admitting that the defendant is a municipal corporation and that a certain street on which plaintiff alleged he fell was frequented by the general public in said city, was a general denial.

The record in the instant case shows that on October 17, 1929, the cause came on for trial before the common pleas court and a jury; that plaintiff was called as the first witness, and examined at length by his counsel, who did not go into the question of the expenses alleged as a part of his damages in the petition; that counsel for defendant then cross-examined plaintiff at considerable length, and, when they attempted to question him concerning the expenses which he had alleged as a part of his damages in the petition, counsel for plaintiff objected, on the ground that they had offered no evidence concerning these allegations, and that, until they did offer such evidence, it was improper for counsel for defendant to cross-examine plaintiff concerning them. The court sustained the objection, and counsel for defendant made no further cross-examination of plaintiff, but it was agreed at that time between the court and counsel for each side that the defense should have a right to further cross-examine the plaintiff before the plaintiff closed his case in chief.

It was admitted by counsel on both sides during the oral argument that said plaintiff was not questioned by his counsel at any time concerning the items of expense alleged in his petition as a part of his damages. This fact also appears from the transcript of all the evidence given by said plaintiff at

that trial, which transcript is attached as an exhibit to the bill of exceptions in the instant case.

The record further shows that plaintiff proceeded to offer other evidence, and the next day rested his case. At or before the time plaintiff rested his case, the question of the further cross-examination of plaintiff was discussed, and it appears from the record that said plaintiff had become ill and was unable to appear in court, and died during the trial, without being recalled and further examined by either counsel for plaintiff or defendant.

Plaintiff having rested his case, counsel for the city moved the court to direct a verdict for the defendant "for the reason that no evidence has been offered to prove the allegations of the petition and that the evidence offered is insufficient to prove the allegations of said petition," which motion was overruled.

After the death of said plaintiff the case was continued for several days, when a juror was withdrawn and a mistrial declared. The cause was then revived in the name of decedent's administratrix and an amended petition filed omitting the items of expense as a part of the damages claimed. The case came on again for trial before the common pleas court and a jury.

Counsel for the administratrix offered the testimony of decedent given at said mistrial, claiming it was competent under paragraph 7 of Section 11495, General Code, which reads as follows: "If after testifying orally, a party dies, the evidence may be proved by either party on a further trial of the case, whereupon the opposite party may testify to the

same matters;" and also under the provisions of Section 11496, which read: "When a party or witness, after testifying orally dies, * * * if no bill of exceptions has been taken or signed as aforesaid, but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case, and shall be *prima facie* evidence of what such deceased party or witness testified to orally on the former trial. * * * All testimony so offered shall be open to all objections which might be taken, if the witness was personally present."

The bill of exceptions is a limited bill and shows only what transpired—that is, what was said and done by counsel and the court—at the trial concerning the offering of the testimony of decedent given at the incompleted trial, and its exclusion by the court, over the objection and exception of the administratrix.

The record also shows that all the testimony of decedent given at the incompleted trial was offered, and that the official court stenographer said that it was all of decedent's testimony given at the mistrial, and that it is written out and attached as an exhibit and made a part of the bill of exceptions. The record and transcript of the docket and journal entries further show that the trial of the instant case then proceeded for three days, and that the jury returned a general verdict for defendant. The record does not show what other evidence was offered or admitted by either side.

The only error complained of is that the court

erred in excluding the testimony of decedent given at the incompleted trial—the principal contention being that the exclusion of said testimony was the same as rejecting the testimony of a witness because such witness is incompetent to testify, and that it is therefore prejudicial error, even though the record does not disclose what the witness would testify to; that is, that it is presumed prejudicial error without regard to whether or not the exclusion of the testimony was prejudicial, because its rejection will be presumed to be prejudicial, if improperly excluded.

In support of this position, counsel for the administratrix rely upon the following decisions: *Loney* v. *Walkey, Admr.,* 102 Ohio St., 18, 130 N. E., 158, third paragraph of the syllabus; *Wolf* v. *Powner, Exr.,* 30 Ohio St., 472, second paragraph of the syllabus; *Hollister & Smith* v. *Reznor,* 9 Ohio St., 1.

If the exclusion of this testimony is governed by the rule applicable to the rejection of a witness because he is incompetent to testify, then the above-cited cases apply, and the exclusion of said testimony is presumed to be prejudicial; but if its exclusion is controlled by the general rule applicable to the exclusion of testimony, then its exclusion—assuming that the court erred in so ruling—would have to be shown to be prejudicial to make it reversible error.

It will be observed that the offering of decedent's testimony was not the offering of a witness to be examined and cross-examined, but was the offering of definite testimony to be read in evidence, similar to that of a deposition, and which was then all before the court.

From the contention of counsel, as shown by the record and the statute under which the testimony was offered, we are inclined to the opinion that the exclusion of this testimony was not rejection of a witness because he was incompetent to testify, but was merely the exclusion of testimony because the court held that for some reason it was incompetent.

Although the record shows that the court merely sustained the objection to the introduction of the testimony of decedent given at the incompleted trial, and said nothing concerning the reason or the ground upon which he sustained the objection, if the evidence was for any reason incompetent, then it was properly excluded.

It will be noted that the right to introduce the testimony of a deceased person at a further trial is purely statutory. Section 11495, General Code, paragraph 7, grants the right to prove the testimony of a deceased party at a further trial, and Section 11496 provides how such testimony may be proved, and, even though it could be said that these are such statutes as should be liberally construed, there is no right for the introduction of such testimony, except such as is given under a reasonable construction of these statutes.

For aught that appears in the record, the court might have held the proffered testimony incompetent because it was given at an incompleted trial, which was declared a mistrial, and was therefore not a trial within the contemplation of the statutes, or because it was impossible to carry out the reservation for further cross-examination of decedent before said plaintiff closed his case in chief and was

not all the testimony said decedent might have given if he had been able to be further cross-examined according to said reservation.

Under the view we take of this case, it is not necessary for us to determine whether said testimony was competent or incompetent; and, without determining whether or not it was error for the court to exclude it, we are of the opinion that the cases relied upon by plaintiff in error have no application to the instant case, and that the exclusion of said testimony taken at the incompleted trial is not presumed error, but is governed by the general rule that an error must be prejudicial to the party complaining to entitle him to a reversal.

It should be borne in mind that the modern tendency of courts is away from technicalities and towards substantial justice, and that the modern view is not that the error might have been prejudicial, but that it should be shown that the error probably did prejudice plaintiff, before a reversal is justified. We therefore think the rule as to presumed error should not be extended beyond that stated in *Loney* v. *Walkey,* and *Wolf* v. *Powner, supra.* To say that the judgment should be reversed merely because said evidence was excluded, regardless of whether or not it was prejudicial, would seem to be highly technical.

If we are right in the conclusion that the exclusion of said testimony of decedent must be prejudicial to make it reversible error, and assuming that it was error to exclude said testimony, was it prejudicial?

We think it was not, for two reasons:

First, before the administratrix could recover it

was necessary for her to show that there was a defect in the sidewalk, that defendant had actual or constructive notice of the same, and that defendant's negligence in not remedying or placing a proper guard around such defect was the proximate cause of the injury.

The jury having found for the defendant, the verdict may have been based upon the failure of the administratrix to prove, by a preponderance of the evidence, that there was such a defect in the sidewalk as would make the city liable for decedent's injuries, or, if there was such proof of such a defect, that the administratrix failed to prove that defendant had notice of it or that defendant's negligence was the proximate cause of the injury; or there may have been evidence to prove that plaintiff was guilty of contributory negligence and thus not entitled to recover.

There is not a word in the testimony of decedent concerning any defect in the sidewalk, or that the defendant had notice of any defect, or that any negligence of the defendant was the proximate cause of the injury. While it is true that decedent said it was snowing at the time and that it was dark; that he had not walked on this sidewalk for two years; that he suddenly slipped and fell, and fixed the place where he fell, he also said that High street was not slippery. At no place in his evidence did he say anything about there being any ice on the sidewalk or any defect in the sidewalk. For aught that appears in his testimony, he might have slipped and fallen from one of many other causes, *e. g.,* from having slipped upon a banana peeling.

The rejected testimony of decedent is confined almost exclusively to the extent of his injuries, the amount of pain he suffered, and his general health prior to the accident. If the verdict had been for the administratrix for a small amount, one can see how the exclusion of decedent's testimony might have been prejudicial; but the verdict being for defendant, and there being nothing in decedent's testimony as to any defect in the sidewalk or as to any notice to defendant, or as to any negligence of defendant, we do not see how its exclusion could have been prejudicial to the administratrix.

Moreover, it plainly appears from the record and files that there was more than one issue upon a single cause of action, and that the jury could, and probably did, find for defendant upon an issue concerning which decedent did not testify and concerning which no error is claimed or shown by the record. Hence, under the rule that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded, the judgment in this case should not be reversed. *State, ex rel. Lattanner,* v. *Hills,* 94 Ohio St., 171, 113 N. E., 1045, L. R. A., 1917B, 684; *Jones* v. *Erie Rd. Co.,* 106 Ohio St., 408, 140 N. E., 366; *Ochsner* v. *Cincinnati Traction Co.,* 107 Ohio St., 33, 140 N. E., 644.

Second, the rule is fundamental and well settled in this state that the trial, verdict, and judgment rendered thereon are presumed to be proper unless reversible error is shown. It is just as well settled that a plaintiff in error must show sufficient of the record to establish that the error complained of is prejudicial; that the record must affirmatively show,

not only that error intervened, but that it was prejudicial to the party complaining, and that, when the question of whether the exclusion of evidence is prejudicial depends upon its being considered in connection with the whole record, it is incumbent on plaintiff in error to show the whole record.

If the exclusion of the testimony of decedent is not presumed prejudicial error, then it must be considered in connection with the whole record to determine whether or not its exclusion was prejudicial; and, under the above well-established rules, even if decedent had testified concerning an alleged defect in the sidewalk, or as to the knowledge of defendant concerning any alleged defect, or the negligence of defendant, we would be unable to tell from this limited bill of exceptions whether or not the exclusion of the testimony of decedent was prejudicial, as the bill of exceptions in the instant case shows none of the evidence admitted at the trial.

For aught that appears in the limited record before us the testimony of decedent may have been only cumulative, and its exclusion thus not prejudicial, as there may have been ample evidence in the record to prove everything shown by his testimony, which shows that his mother was with him at the time he fell and that he was picked up by two other persons.

Under the view we have taken of this case it is not necessary to discuss the other reasons urged by counsel, both in oral argument and in their briefs, as to why the exclusion of said testimony was or was not prejudicial error.

Finding that the exclusion of the testimony of de-

cedent was not prejudicial under a verdict for the defendant, and further finding that, even though it could be said that it might have been prejudicial, we cannot tell, without a bill of exceptions containing all the evidence, whether or not it was prejudicial, the judgment must be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and SHERICK, J., concur.

FUNK, J., of the Ninth Appellate District, sitting by designation in the Fifth Appellate District.